UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ESTATE OF REX VANCE WILSON, by administrator PETRA WILSON, et al., <br><br> Plaintiff <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., <br><br> Defendants | Case No.: 2:18-cv-01702-APG-VCF <br><br> **Order Granting Defendant's Motion for Summary Judgment** <br><br> [ECF No. 38] |

Rex Vance Wilson was fatally shot by police officers following a 30-minute, high-speed car chase. His estate, widow, and children filed this lawsuit against Las Vegas Metropolitan Police Department (LVMPD); Sheriff Joseph Lombardo; and LVMPD officers Travis Swartz, Christopher Gowens, Eric Lindberg, and John Squeo. I previously granted the defendants' motion for summary judgment for all claims except the negligence and negligent infliction of emotional distress (NIED) claims against defendant Squeo for his act of ramming into Wilson's vehicle. ECF No. 29. I denied the motion as to the negligence claims because the parties did not adequately address the standard of care or causation. *Id.* at 19. But I extended the dispositive motion deadline to allow the parties to file new motions for summary judgment. *Id.*

Squeo now moves for summary judgment on the remaining claims. ECF No. 38. He argues that the plaintiffs have not established a standard of care because expert testimony is required and internal policies and procedures cannot set the standard. He also contends that no reasonable jury could conclude he acted unreasonably and the plaintiffs have provided no evidence that Squeo's vehicle use caused Wilson's damages.

The plaintiffs respond that Squeo has not met his burden to show the absence of material facts because the evidence Squeo attached to his motion is not properly authenticated or is otherwise inadmissible. The plaintiffs further argue the standard of care can be established through police policies, and there are genuine disputes of material fact for trial.

The parties are familiar with the facts, so I repeat them here only where necessary to resolve the motion. Assuming without deciding that Nevada would treat the negligence "reasonableness" standard more broadly than the standard under the Fourth Amendment,[1] I grant the summary judgment motion because the plaintiffs have failed to establish the standard of care.

## I. ANALYSIS

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).[2] The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material

---

[1] Under California law, negligence claims "encompass a broader spectrum of conduct than excessive force claims under the Fourth Amendment." *Mulligan v. Nichols*, 835 F.3d 983, 991 (9th Cir. 2016) (citing *Hayes v. Cnty. of San Diego*, 305 P.3d 252, 254 (Cal. 2013)). The Supreme Court of Nevada has not spoken on whether it would adopt this approach.

[2] The plaintiffs' contention that Squeo's evidence is inadmissible is meritless. The deposition transcripts are properly authenticated for purposes of summary judgment because the defendants included the reporter's certificates. ECF Nos. 38-2 at 2, 38-5 at 2; 38-7 at 2; 38-8 at 2; 38-9 at 2-5. Similarly, exhibits B, C, E, I, J, K, L, M, N, and O are authenticated by Detective Trever Alsup's declaration. *See, e.g.*, ECF Nos. 28 at 38-3; 38-4 at 2.

fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

For a negligence claim to succeed, a plaintiff must show: "(1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages." *Scialabba v. Brandise Constr. Co., Inc.*, 921 P.2d 928, 930 (Nev. 1996). "Whether a defendant owes a plaintiff a duty of care is a question of law." *Id.* Whether a defendant breached a duty is generally a question of fact. *Frances v. Plaza Pac. Equities*, 847 P.2d 722, 724 (Nev. 1993).

A plaintiff must offer "facts which establish a legal duty on the part of the defendant to conform to a legal standard of conduct for his protection." Restatement (Second) of Torts § 328A cmt. c (1965). Where no law sets out the standard of care, "the jury must itself define the standard of the reasonable man with such particularity as is necessary to make it applicable to the facts of the case before it." *Id.* § 285 cmt. g. To determine if the plaintiffs have met this burden, I must determine whether they can establish the standard of care with only the LVMPD internal policies, or whether an expert is required under the circumstances.

**A. Internal Policies**

Squeo contends that the internal policies do not establish a standard of care because they cannot be used for negligence per se like statutes or regulations. He cites to a case from the Supreme Court of Arizona that held medical ethical standards or rules of professional conduct can provide evidence for how a professional radiologist should act, but those standards or rules could not establish a standard of care. *Stanley v. McCarver*, 92 P.3d 849, 854 n.6, 855 (Ariz. 2004). Squeo also cites to a Supreme Court of California case holding that provisions of a

California Highway Patrol (CHP) manual could not be "properly viewed as *establishing* the applicable standard of care, but they may be *considered* by the trier of fact in determining whether or not an officer was negligent in a particular case." *Lugtu v. Cal. Highway Patrol*, 28 P.3d 249, 259 (Cal. 2001) (emphasis in original). Squeo further advances a policy argument that establishing a standard of care based on police department policies would create a perverse incentive for the departments to adopt a minimum standard of care.

The plaintiffs respond that they are not advancing a negligence per se argument but rather are using the policies and procedures as evidence of the reasonably prudent person standard of care. They argue that courts addressing Fourth Amendment excessive force claims—which they contend are narrower than negligence claims—allow for consideration of such policies. *See Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1059 (9th Cir. 2003) (explaining that "training materials are not dispositive, [but courts] may certainly consider a police department's own guidelines when evaluating whether a particular use of force is constitutionally unreasonable"). The plaintiffs also point to *Lugtu* because the court there employed the "reasonably prudent person under like circumstances" standard and determined that the "conflicting declarations and the provisions of the CHP Officer Safety Manual" showed issues of triable fact. *Lugtu*, 28 P.3d at 251, 260.

Although the parties frame the issue differently, their arguments are somewhat compatible. Squeo argues that internal policies cannot be treated like statutes under a negligence per se theory in that a violation of the policy should not automatically mean there was a breach of duty. The plaintiffs argue that the standard of care is the reasonably prudent person standard and that internal policies can be used to inform whether an officer was acting reasonably. Both sides cite to cases acknowledging that internal policies can be considered but that they cannot be

used to establish the standard of care itself. Thus, the real dispute is whether the plaintiffs can establish the standard of care for a reasonably prudent person based on only the LVMPD policy and a jury's ability to assess the facts.

### B. Need for an Expert

In general, when a case involves conduct that is "not within the common knowledge of laypersons, the applicable standard of care must be determined by expert testimony." *Boesiger v. Desert Appraisals, LLC*, 444 P.3d 436, 439 (Nev. 2019) (quotation omitted); *see Daniel, Mann, Johnson & Mendenhall v. Hilton Hotels Corp.*, 642 P.2d 1086, 1087 (Nev. 1982) (stating that expert testimony is not required where the conduct in question does not involve "esoteric knowledge or uncertainty that calls for the professional's judgment").

Squeo cites to my prior order to argue that expert testimony is necessary for establishing the standard of care for conduct involving police pursuits, Precision Intervention Technique (PIT) maneuvers, and other contacts with vehicles. The plaintiffs respond that jurors can use common knowledge to evaluate the reasonableness of intentionally striking a vehicle and that the LVMPD policies provide the jurors with enough information about vehicle use of force so that they can make their own assessments. The plaintiffs support their argument with out-of-state excessive force cases that held expert testimony was not necessary. *See Allgoewer v. City of Tracy*, 143 Cal. Rptr.3d 793, 802 (Cal. Ct. App. 2012) (declining to require expert testimony in a case involving an officer's use of force in taking someone to the ground and using a taser); *Robinson v. City of W. Allis*, 619 N.W.2d 692, 701 (Wisc. 2000) (rejecting a per se requirement for expert testimony and determining an expert was not necessary where an officer smashed an arrestee's face to the ground). Squeo replies that the plaintiffs' cases show courts consider the need for an expert on a case-by-case basis and that they are more likely to require experts where

the force used requires specialized training. *See Kopf v. Skyrm*, 993 F.2d 374, 379 (4th Cir. 1993) (explaining how expert testimony is more appropriate in circumstances requiring training such as use of a police dog, a gun, or a slapjack weapon).

As I stated in my prior order, "[a]lthough driving is generally within the common knowledge of laypersons, police techniques and tactics during a high-speed car chase are not." ECF No. 29 at 19.  This case involves a police officer executing a vehicle use-of-force technique that requires specialized training and certification. ECF Nos. 38-5 at 9 (Squeo explaining the training he received for PIT maneuvers, ramming, and blocking); 38-16 at 30 (describing vehicle use of force training and certification requirements).  A vehicle is a "specialized tool" when used by police officers to stop another vehicle, and jurors do not have common knowledge of the various techniques and when each might be reasonable in a given circumstance. *See Kopf*, 993 F.2d at 379.

Additionally, the LVMPD policy provides little guidance for jurors.  For example, the policy defines PIT as "a specific manner of intentional contact using a police vehicle against a fleeing vehicle to cause the fleeing vehicle to come to a stop . . . in accordance with official department training and policy." ECF No. 38-16 at 7.  Ramming is defined as "the use of a vehicle to intentionally hit another vehicle, outside the approved PIT, blocking and stationary vehicle immobilization policies." *Id.*  Without expert testimony, a jury cannot meaningfully distinguish between the two, or any of the other vehicle use-of-force techniques.  An expert is necessary in these circumstances to establish the standard of care.  Because the plaintiffs have not provided an expert, they cannot satisfy the duty element of negligence.  I therefore grant Squeo's motion for summary judgment for the remaining negligence claims against him.

## II. CONCLUSION

I THEREFORE ORDER that defendant John Squeo's motion for summary judgment **(ECF No. 38) is granted.**

I FURTHER ORDER the clerk of the court to enter judgment for the defendants consistent with this order and my prior order (ECF No. 29) and close the case.

DATED this 23rd day of September, 2021.

ANDREW P. GORDON  
UNITED STATES DISTRICT JUDGE